RB:AMC
F.#2010R02538

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No._____ <br> (T. 18, U.S.C., §§ |
| FREDERICK MEYERS and <br> JESSIE BELL, | 664, 981(a)(1)(C), 2 and <br> 3551 et seq.; T. 21, <br> U.S.C., § 853(p); T. 28, |
| Defendants. | U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

1.  The International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, Local 431 ("Local 431"), was a labor organization for purposes of the Labor Management Relations Act of 1947, as defined by Sections 142 and 152 of Title 29, United States Code, and an employee organization, as defined by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") and by Sections 1002 and 1003 of Title 29, United States Code.

2.  On behalf of its members, Local 431 entered into collective bargaining agreements with employers who employed members of Local 431. Local 431 and such employers established and maintained the Electronics Local 431 Pension Fund (the

"Pension Fund") to provide retirement benefits to eligible Local 431 members. Employers who entered into collective bargaining agreements with Local 431 agreed to support the Pension Fund. The Pension Fund was an employee pension benefit plan subject to ERISA, and was governed by a board of trustees (the "Board of Trustees").

3. The Pension Fund was run by employees of the Pension Fund, including a fund administrator, who were supervised by the Board of Trustees. Approval from the Board of Trustees was required for any increases in salary, vacation pay, holiday bonuses or severance payments for Pension Fund employees. Approval from the Board of Trustees was also required for the Pension Fund to pay for any personal expenses incurred by Pension Fund employees. The Board of Trustees never authorized the Pension Fund to pay for any such personal expenses.

4. The defendant FREDERICK MEYERS was President of Local 431, and served as Chairman of the Board of Trustees.

5. The defendant JESSIE BELL is the daughter of defendant MEYERS. She was hired as a clerk for the Pension Fund beginning in 1995 and was promoted to Fund Administrator in or about the late 1990s. Pursuant to her responsibilities as Fund Administrator, BELL had the authority to sign checks drawn on the Pension Fund's bank account (the "Pension Fund Bank Account").

2

6. The administrative office for the Pension Fund was located in Brooklyn, New York.

7. Prior to January 2005, an American Express credit card account was opened in the name of Frederick H. Meyers, Sr., Local 431 Pension Fund (the "Local 431 Amex Account"). The defendants FREDERICK MEYERS and JESSIE BELL were each issued credit cards with separate credit card numbers under the Local 431 Amex Account. The charges to that account were paid from the Pension Fund Bank Account. The Board of Trustees did not authorize employees to charge personal expenses to the Local 431 Amex Account.

8. In or about and between January 2005 and October 2008, the defendants FREDERICK MEYERS and JESSIE BELL each made numerous charges to the Local 431 Amex Account using their separate credit card numbers for personal expenses including, but not limited to, travel expenses, gasoline expenses, parking expenses, meal expenses and cellular telephone bills. These charges were paid by the Pension Fund. The defendants MEYERS and BELL did not repay Local 431 for these charges.

9. In or about and between January 2005 and July 2008, the defendant JESSIE BELL received one or more increases in salary, vacation pay, holiday bonuses and a severance payment, which combined exceeded $100,000. These payments were made from the Pension Fund but were not approved by the Board of Trustees.

3

10. In or about and between March 2006 and December 2007, the defendants FREDERICK MEYERS and JESSIE BELL caused several checks to be drawn against the Pension Fund Bank account for unauthorized personal expenses including parking expenses and parking tickets, which the defendants MEYERS and BELL incurred while using their personal vehicles.

## EMBEZZLEMENT FROM EMPLOYEE PENSION BENEFIT PLAN

11. The allegations contained in paragraphs one through ten are hereby realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between January 2005 and October 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FREDERICK MEYERS and JESSIE BELL did knowingly embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of another, moneys, funds, credits, property and other assets of an employee pension benefit plan, and of funds connected therewith, to wit: approximately $185,000 from the Pension Fund Bank Account by (a) causing the Pension Fund Bank Account to pay for items and services for their personal use and benefit that were charged to the Local 431 Amex Account, (b) issuing checks drawn on the Pension Fund Bank Account to themselves for non-union related purposes, and (c) awarding

4

JESSIE BELL improper payments for vacation and holiday bonuses, salary increases and a severance payment.

(Title 18, United States Code, Section 664, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

13. The United States hereby gives notice to the defendants that, upon their conviction, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, constituting or derived from proceeds traceable to such violation.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

5

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. Frederick Meyers and Jessie Bell**
2. Related Magistrate Docket Number(s):

    None (X)

3. Arrest Date: N/A
4. Nature of offense(s):  ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):

    _____
    _____
    _____
    _____
    _____
    _____

6. Projected Length of Trial:   Less than 6 weeks   ( X )
                                 More than 6 weeks   (   )

7. County in which crime was allegedly committed: **Brooklyn**
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?
   (X) Yes    ( ) No

9. Have arrest warrants been ordered?
   (X) Yes    ( ) No

                                    LORETTA E. LYNCH
                                    UNITED STATES ATTORNEY

                              By:   _____
                                    Anthony M. Capozzolo
                                    Assistant U.S. Attorney
                                    718.254.6454

Rev. 3/22/01